UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL D. LITTLER,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Commissioner of Social Security, [1]

                Defendant.

Case No. 3:12-cv-05504-KLS

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On March 7, 2009, plaintiff filed an application for disability insurance benefits, alleging

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**
ORDER - 1

disability as of October 1, 2006, due to arthritis in his right ankle and right shoulder. See Administrative Record ("AR") 20, 112, 130.  That application was denied upon initial administrative review on May 4, 2009, and on reconsideration on June 17, 2009. See AR 20, 57, 61.  A hearing was held before an administrative law judge ("ALJ") on October 26, 2010, at which plaintiff, represented by counsel, appeared and testified. See AR 37-54.

In a decision dated December 6, 2010, the ALJ determined plaintiff to be not disabled. See AR 20-32.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 11, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; see also 20 C.F.R. § 404.981.  On June 8, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #1.  The administrative record was filed with the Court on October 9, 2012. See ECF #9.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for further administrative proceedings, because the ALJ erred: (1) in relying on the opinion of non-examining, consultative physician Robert Hoskins, M.D., to reject the standing, walking and reaching limitations assessed by examining physician, Marc Suffis, M.D.; (2) in failing to give clear and convincing reasons for finding plaintiff's statements regarding his subjective complaints to be not fully credible; and (3) in not giving legally sufficient reasons for rejecting the lay witness statement from plaintiff's wife concerning the impact of his impairments on his functioning.  For the reasons set forth below, the Court agrees the ALJ erred in rejecting the limitations assessed by Dr. Suffis and in evaluating plaintiff's wife's statement.  On the basis of those errors, therefore, the Court finds that the Commissioner's final decision should be reversed,

ORDER - 2

and that this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by

ORDER - 3

I.      The ALJ's Evaluation of the Medical Opinion Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

---

substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 4

only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Plaintiff challenges the ALJ's following findings regarding the medical opinion evidence in the record:

> Marc Suffis, M.D., completed a physical evaluation of the claimant on November 4, 2009. Although the claimant described arthritic complaints, he denied any neurological symptoms. Dr. Suffis observed that the claimant's right ankle externally rotated when walking, he could not stand on the right ankle and he was unable to perform the heel to toe walking tasks. The claimant could not flex his right ankle due to pain. Romberg testing was negative. The claimant's right shoulder was painful and tender, around the subacromial bursa. Diagnoses included osteoarthritis in the right ankle, adhesive capsulitis in the right shoulder; diabetes; and hypertension.

ORDER - 5

>Dr. Suffis opined, based on the examination along with the claimant's medical history that he could function at the light exertional level. The claimant could lift no more than twenty-five pounds on an occasional basis with no lifting over the shoulder greater than five pounds. He should limit his reaching to occasional on the right with seldom working above shoulder height. In addition, the claimant could stand and/or walk two hours out of an eight-hour workday but not continuously for greater than fifteen minutes at a time. Exhibit 11F/1 – 8. The undersigned weighs this assessment heavily since an objective examination was performed. However, based on the State evaluation and the record as a whole, the undersigned finds the claimant's standing and walking limitation beyond two hours out of an eight hour workday.
>
>The undersigned considered the State evaluation. Robert Hoskins, M.D.[,] completed a physical residual functional capacity assessment on June 17, 2009, limiting the claimant to light work based on degenerative joint disease of the right shoulder and right ankle. Secondary diagnoses included diabetes and hypertension. Posturals were limited to occasional with never climbing ladders, ropes or scaffolds and limitations with occasionally reaching on the right. Environmental limitations involved avoiding exposure to vibration and hazards. Dr. Hoskins opined that imaging showed only moderate degenerative joint disease in the right ankle. He added that the claimant had diabetes and hypertension, which were not well controlled. Based on a review of the record, Dr. Hoskins found the claimant capable of completing his activities of daily living, which is inconsistent with the claimant's reporting of his standing/walking limitations. Overall, he found the claimant's statements only partially credible. Exhibits 7F, 9F/1 – 8. The undersigned gives Dr. Hoskins' assessment significant weight because it was based on a review of the record, the evidence supports the findings, and he is familiar with the Social Security Administration regulatory standards.

AR 29 (internal footnote omitted). Specifically, plaintiff argues the ALJ did not provide legally sufficient reasons for relying on the opinion of Dr. Hoskins to reject that provided by Dr. Suffis. The Court agrees.

As plaintiff points out and as noted above, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." Lester, 81 F.3d at 831 (emphasis in original). In addition, while a non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record," the opinion of a non-examining

ORDER - 6

physician "with nothing more" does not constitute such evidence. Id. at 830-31 (quoting Pitzer v. Sullivan, 908 F.2d 502, 506 n. 4 (9th Cir.1990); Tonapetyan, 242 F.3d at 1149.  Also as pointed out by plaintiff, there is nothing to indicate Dr. Hoskins had access to any of plaintiff's medical records that Dr. Suffis did not have.  See AR 225, 229.  Indeed, the opinion Dr. Suffis offered – which specifically describes in detail the records he reviewed – is dated some six months *after* that of Dr. Hoskins.  See AR 225, 235.

The ALJ thus erred in relying on the fact that Dr. Hoskins reviewed the record to give his opinion greater weight than that of Dr. Suffis.  The Court also agrees with plaintiff that the ALJ erred in stating he was giving significant weight to the opinion of Dr. Hoskins on the basis that "the evidence supports" it, as that statement is entirely devoid of the level of specificity needed to allow for proper judicial review. AR 29; see Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). [3]  The ALJ was similarly insufficiently specific in stating he was discounting the opinion of Dr. Suffis in part "based on . . . the record as a whole." AR 29.  In addition, although the fact that Dr. Hoskins, as a "[s]tate agency medical and psychological consultant," may be treated a "highly qualified" psychiatrist with expertise in evaluating "medical issues in disability claims" (Social Security Ruling ("SSR") 96-6p, 1996 WL 374180 *2), as defendant herself admits his opinion still must be consistent with other independent evidence in the record that was not also relied on by Dr. Suffis (see Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (holding that when examining physician opinion relies on same clinical findings that treating physician's does but

---

[3] As the Ninth Circuit stated in Embrey:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. . . .

Id. (internal footnote omitted).

ORDER - 7

differs only as to its conclusions, examining physician's conclusions do not constitute substantial evidence). Such is not the case here as explained above.

For all of the above reasons, therefore, the ALJ's rejection of the standing and walking limitations Dr. Suffis assessed cannot stand. Defendant argues any error in failing to adopt those limitations in this case was harmless, as the ALJ went on to find that even assuming plaintiff was limited to sedentary work,[4] there were a significant number of jobs in the national economy that he could perform.[5] But as noted by plaintiff, the limitation to "no lifting over shoulder height greater than 5 pounds" assessed by Dr. Suffis calls into doubt the ALJ's finding that plaintiff is able to perform "essentially the full range of sedentary work." AR 31, 235. SSR 96-9p provides in relevant part:

> . . . If an individual is unable to lift 10 pounds or occasionally lift and carry items like docket files, ledgers, and small tools throughout the workday, the unskilled sedentary occupational base will be eroded. The extent of erosion will depend on the extent of the limitations. For example, if it can be determined that the individual has an ability to lift or carry slightly less than 10 pounds, with no other limitations or restrictions in the ability to perform the requirements of sedentary work, the unskilled sedentary occupational base would not be significantly eroded; however, an inability to lift or carry more

---

[4] The requirements of sedentary work are described in relevant part as follows:

> The ability to perform the full range of sedentary work requires the ability to lift no more than 10 pounds at a time and occasionally to lift or carry articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. "Occasionally" means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday. Unskilled sedentary work also involves other activities, classified as "nonexertional," such as capacities for seeing, manipulation, and understanding, remembering, and carrying out simple instructions.

SSR 96-9p, 1996 WL 374185 *3; see also 20 C.F.R. § 404.1567(a).

[5] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a claimant is found to be unable to perform his or her past relevant work at step four of this process, at step five the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e).

ORDER - 8

    than 1 or 2 pounds would erode the unskilled sedentary occupational base
    significantly. For individuals with limitations in lifting or carrying weights
    between these amounts, consultation with a vocational resource may be
    appropriate.

1996 WL 374185 *6. Given that Dr. Suffis limited plaintiff's ability to lift over shoulder to no greater than five pounds, that – as with the limitations on standing and walking limitations Dr. Suffis assessed – the ALJ did not give any valid reasons for rejecting it, and that the ALJ himself found plaintiff had other, non-exertional limitations[6] (see AR 24), it is far from clear whether plaintiff could perform the full range of sedentary work. The question of whether consultation with a vocational resource is necessary to resolve this issue shall be left to the Commissioner to answer on remand.

II.    <u>The ALJ's Rejection of Plaintiff's Wife's Statement</u>

    Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. <u>Id.</u> at 512. The ALJ also may "draw inferences logically flowing from the evidence." <u>Sample</u>, 694 F.2d at 642.

    In terms of the lay witness evidence in the record, the ALJ found in relevant part:

    A third party report was further considered, submitted by Helen Littler, the
    claimant's wife. Ms. Littler stated the claimant was unable to stand or walk
    more than ten or fifteen minutes, he walked with a limp and needed a cane.

---

[6] "Exertional limitations" are those that only affect the claimant's "ability to meet the strength demands of jobs." 20 C.F.R. § 404.1569a(b). "Nonexertional limitations" only affect the claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(c)(1).

ORDER - 9

> While grocery shopping, the claimant had to hold onto the grocery cart to help him walk; he was unable to push a lawn mower or other lawn care equipment. When sitting, the claimant elevated his legs. The claimant's right shoulder prevented him from moving it and reaching above his head. During the day, the claimant rested, stretching his legs and ankles. She added that the claimant had diabetes. Exhibit 7E/1 – 5.
>
> Although the undersigned strongly considered this third party report, the activities listed do not reflect impairments at the disabling level. Further, Ms. Littler's comment that the claimant could only stand or walk for fifteen minutes is also inconsistent with Dr. Suffis' findings and the State evaluation [from Dr. Hoskins], below. Regarding the claimant's use of a cane, the record does not indicate this has been prescribed or is medically necessary nor did Dr. Suffis indicate a cane would be required. The undersigned notes that the claimant did not use a cane at his hearing and he did not bring one with him.

AR 27 (internal footnote omitted). Plaintiff argues, and the Court agrees, that the ALJ did not provide valid reasons for rejecting his wife's lay witness statement. First, in regard to the ALJ's statement that "the activities listed" in that statement "do not reflect impairments at the disabling level" (AR 27), Ms. Littler stated plaintiff had to sit with his feet up in a recliner for most of the day and also had to lie down on his bed two to three times a day (see AR 156-58). It is difficult to conceive how these reported limitations would not have a significant impact on plaintiff's ability to perform work at even a sedentary level.

Second, defendant herself admits the ALJ erred in stating that Ms. Littler's comment regarding plaintiff being able to stand or walk for only fifteen minutes is inconsistent with the opinion of Dr. Suffis, in which Dr. Suffis found the same thing, and which, as discussed above, the ALJ erred in rejecting. Third, while it may be the ALJ is correct that plaintiff has failed to show the record establishes use of a cane has been medically necessary, the other symptoms and limitations Ms. Littler noted in regard to the need to recline and lie down are not necessarily called into question by this fact, particularly in light of the opinion of Dr. Suffis. Accordingly,

ORDER - 10

because none of these stated reasons for rejecting Ms. Littler's statement are valid, that rejection is without proper support and therefore cannot stand.

III.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to both the medical and lay witness evidence in the record, remand for further administrative proceedings to resolve those issues is appropriate in this case.

## CONCLUSION

For the reasons set forth above, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is REVERSED

ORDER - 11

and this matter is REMANDED to the Commissioner for further administrative proceedings in accordance with the findings contained herein.

DATED this 9th day of July, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 12